■ FRANCINE BENTIVEGNA, Respondent, v BRIAN STEIN, Appellant, et al., Defendants. (And Third-Party Actions.) [841 NYS2d 316]—

In an action to recover damages for personal injuries, the defendant Brian Stein appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated January 10, 2006, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross

motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Brian Stein, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Tchjevskaia v Chase,* 15 AD3d 389 [2005]). The affirmed medical reports prepared by the appellant's examining orthopedist and neurologist disclosed that they found limitations in the plaintiff's cervical and lumbar ranges of motion, respectively.

The evidence submitted by the plaintiff in support of that branch of her cross motion which was for summary judgment on the issue of liability insofar as asserted against the appellant failed to establish a prima facie case (*see* CPLR 3212 [b]) that the subject motor vehicle accident was proximately caused by negligence on the part of the appellant.

Under these circumstances, it is unnecessary for us to consider the sufficiency of the evidence submitted in opposition to the motion and the relevant branch of the cross motion (*see Chaplin v Taylor,* 273 AD2d 188 [2000]). Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.