■ JOAN CZACH, Appellant, v JOHN E. O'NEILL et al., Respondents. [843 NYS2d 466]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 29, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to establish their prima facie entitlement to summary judgment by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). Upon his examination, which took place more than one year and two months after the subject accident, the defendants' examining orthopedist found significant limitations in range of motion in the plaintiff's lumbar spine (*see Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Bentivegna v Stein,* 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck,* 41 AD3d 472 [2007]; *see also Brown v Motor Veh. Acc. Indem. Corp.,* 33 AD3d 832 [2006]).

Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.