■ ANGELINA M. LUCIANO et al., Appellants, v JOHN D. LUCHSINGER et al., Respondents. [847 NYS2d 622]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 18, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly concluded that the defendants met their prima facie burden by establishing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs principally relied upon the affidavit of Dr. David BenEliyahu and the affirmations of Dr. Arvind Chopra. Initially, the affirmations of Dr. Chopra, along with his reports, failed to raise a triable issue of fact. Dr. Chopra's conclusions that the plaintiffs' injuries were the result of the subject accident were based on speculation. Dr. Chopra failed to address in either his affirmations or reports the fact that both plaintiffs had pre-existing degenerative conditions in their cervical and/or lumbar spines. Moreover, he failed to acknowledge that the plaintiff Angelina M. Luciano (hereinafter Angelina) had been involved in a prior car accident in which she injured her back

and neck. Those omissions rendered speculative his conclusions that the plaintiffs' cervical and lumbar spine injuries were the result of the subject accident (*see Moore v Sarwar,* 29 AD3d 752 [2006]; *Giraldo v Mandanici,* 24 AD3d 419 [2005]).

Dr. BenEliyahu also failed to adequately address in his affidavit the findings of pre-existing degenerative disc disease in Angelina's cervical and lumbar spine, and the degeneration in the lumbar spine of the plaintiff Vincent Luciano (hereinafter Vincent). This rendered speculative his findings that the injuries and limitations in Vincent's lumbar spine, and the injuries and limitations in Angelina's cervical and lumbar spine, were the result of the subject accident (*see Giraldo v Mandanici,* 24 AD3d 419 [2005]). While Dr. BenEliyahu did note that he was treating Angelina for injuries she sustained to her back and neck from a prior accident at the time the subject accident occurred, his conclusions that the subject accident aggravated dormant conditions in her neck and back were without any foundation. This is so because Dr. BenEliyahu failed to provide any medical evidence of her condition when he treated her prior to the subject accident so as to compare what her limitations were before and after the subject accident. Thus, there is no foundation for Dr. BenEliyahu's conclusions that the subject accident aggravated the prior conditions in Angelina's spine to the extent that her range of motion was significantly diminished thereafter (*see Franchini v Palmieri,* 1 NY3d 536 [2003]). Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.