■ CATHLEEN M. BRITT, Appellant, v ANTONIO L. BUSTAMANTE et al., Respondents, et al., Defendant. [866 NYS2d 740]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated March 6, 2007, as granted that branch of the motion of the defendants Antonio L. Bustamante and County of Suffolk which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that Antonio L. Bustamante did not operate his motor vehicle in reckless disregard for the safety of others pursuant to Vehicle and Traffic Law § 1104 (e).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Antonio L. Bustamante and County of Suffolk which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that Antonio L. Bustamante did not operate his motor vehicle in reckless disregard for the safety of others pursuant to Vehicle and Traffic Law § 1104 (e) is denied, and so much of the order as denied, as academic, that branch of the motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of that branch of the motion.

The manner in which a police officer operates his or her vehi-

cle in responding to an emergency may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr,* 84 NY2d 494, 501 [1994]; *Badalamenti v City of New York,* 30 AD3d 452 [2006]). The reckless disregard standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (see *Szczerbiak v Pilat,* 90 NY2d 553, 557 [1997]).

In opposition to the prima facie showing of entitlement to judgment as a matter of law made by the defendants Antonio L. Bustamante and County of Suffolk (hereinafter together the defendants), the plaintiff raised a triable issue of fact (see CPLR 3212 [b]) as to whether Bustamante, a police officer for the County, acted in reckless disregard for the safety of others at the time of the accident at issue here. While the defendants established that Bustamante, who was operating a police car which struck the plaintiff's vehicle, was engaged in an emergency operation at the time of the collision and activated the turret lights on his vehicle, the plaintiff raised a triable issue of fact by submitting the affidavit of Barbara D'Ambrosio, an eyewitness to the occurrence, who stated that the "police car did not have its overhead emergency lights on, nor were the sirens activated." Under these circumstances, where it was undisputed that the police officer did not stop for the stop sign at the intersection in question and that his view of the intersection was partially obstructed by hedges, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that Bustamante did not operate his motor vehicle in reckless disregard for the safety of others pursuant to Vehicle and Traffic Law § 1104 (e). Since the Supreme Court denied, as academic, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), we vacate that portion of the order and remit the matter to the Supreme Court, Suffolk County, for a determination of that branch of the motion. Rivera, J.P., Lifson, Miller and Eng, JJ., concur.