■ FRANCISCO TORRES, Respondent, v ISRAEL GARCIA et al., Appellants. [874 NYS2d 527]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 17, 2008, which denied their

motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In support of their motion, the defendants relied, inter alia, on the affirmed medical report of their examining orthopedic surgeon. In that report, the orthopedic surgeon noted the existence of significant range-of-motion limitations in the plaintiff's cervical spine (see *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 473 [2007]). The defendants' orthopedic surgeon failed to explain or substantiate, with objective medical evidence, the basis for his conclusion that the restrictions in cervical motion were self-imposed.

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider the sufficiency of the evidence submitted in opposition to the motion (see *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]). Mastro, J.P., Fisher, Florio, Carni and Eng, JJ., concur.