■ Hwa Soon Um et al., Appellants, v Hoi Ku Yang et al., Respondents. [880 NYS2d 175]—

In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Satterfield, J.), entered May 2, 2008 which, upon an order of the same court entered March 31, 2008, granting the motion of the defendant Hoi Ku Yang and the separate motion of the defendants Anthony Rambazis and NY Hospital Medical for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the defendants' motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied, the complaint is reinstated, and the order entered March 31, 2008 is modified accordingly.

The defendants, in moving for summary judgment, relied on the same submissions. The defendants failed to meet their prima facie burdens of showing that the plaintiff Hwa Soon Um did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; see also *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). In this respect, the defendants relied, inter alia, on the affirmed medical report of Edward Toriello, the defendants' examining orthopedic surgeon. Dr. Toriello examined Hwa Soon Um on March 12, 2007 and noted the existence of a significant limitation in the range of motion of her lumbar spine on that date (see *Torres v Garcia*, 59 AD3d 705 [2009]; *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362

[2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 473 [2007]). Since the defendants failed to establish their prima facie entitlements to judgment as a matter of law with respect to Hwa Soon Um, it is unnecessary to reach the question of whether the plaintiffs' papers were sufficient to raise a triable issue of fact with respect to her injuries (*see Torres v Garcia*, 59 AD3d 705 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The defendants met their prima facie burdens of showing that the plaintiff Ok Im Yoon did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In opposition to the defendants' motions, however, the plaintiffs, via the affidavit of a treating physician, raised a triable issue of fact as to whether Ok Im Yoon sustained a serious injury insofar as she sustained a permanent consequential limitation of use or a significant limitation of use of her lumbar spine as a result of the subject accident (*see Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]).

In his affidavit, Dr. Ki Y. Park opined, based on his contemporaneous and most recent examination of Ok Im Yoon, as well as upon his review of affirmed reports of magnetic resonance imaging scans referable to her depicting, inter alia, herniated discs in the lumbar spine at L3-4 and L4-5, that the lumbar injuries sustained by Ok Im Yoon and the observed range-of-motion limitations referable to those injuries were permanent and causally related to the subject accident. Park further concluded that the injuries sustained by Ok Im Yoon amounted to a permanent consequential limitation of use and/or a significant limitation of use of her lumbar spine.

Ok Im Yoon, as well as Dr. Park, adequately explained the gap in treatment between May 31, 2005 and November 20, 2007 (*see Pommells v Perez*, 4 NY3d 566, 574, 577 [2005]; *Gutierrez v Yonkers Contr. Co.*, 61 AD3d 823 [2009]; *Black v Robinson*, 305 AD2d 438, 439-440 [2003]).

The defendants' remaining contentions are without merit. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.