■ BARBARA HELD, Appellant, v RICHARD HEIDEMAN et al., Respondents. [883 NYS2d 246]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated August 20, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, her cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the plaintiff's cross motion on the merits.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied, inter alia, upon the affirmed medical report of their examining orthopedic surgeon, in which he noted the existence of a significant limitation in the range of motion of the plaintiff's lumbar spine (*see Torres v Garcia*, 59 AD3d 705 [2009]; *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 473 [2007]). Under the circumstances, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (*see Torres v Garcia*, 59 AD3d 705 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

In light of our determination that the defendants' motion for summary judgment should have been denied, we remit the matter to the Supreme Court, Nassau County, for a determination of the plaintiff's cross motion on the merits (*see e.g. Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.