■ VITO BUONO et al., Respondents, v RICHARD SARNES, Appellant. [888 NYS2d 79]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 11, 2009, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the defendant failed to meet his prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). With respect to the plaintiff Vito Buono (hereinafter Vito) the defendant, in support of his motion, relied on, inter alia, the affirmed medical reports of Dr. Edward Toriello and Dr. Naunihal Sachdev Singh. Dr. Toriello, the defendant's retained orthopedic surgeon, examined Vito on September 11, 2008 and found a significant limitation in lumbar spine range of motion. This finding alone was sufficient to deny the defendant's motion as addressed to Vito's injuries (*see Held v Heideman,* 63 AD3d 1105 [2009]; *Torres v Garcia,* 59 AD3d 705 [2009]; *Bagot v Singh,* 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care,* 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Bentivegna v Stein,* 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck,* 41 AD3d 472, 473 [2007]). Dr. Singh, the defendant's retained neurologist, also examined Vito on September 11, 2008. On that date, Dr. Singh noted significant limitations of motion in the cervical and lumbar regions of Vito's spine during examination. Although Dr. Singh averred that Vito had preexisting osteoarthritis and degenerative disc disease, he failed to set forth the foundation for that conclusion (*see Franchini v Palmieri,* 1 NY3d 536 [2003]; *see also Luciano v Luchsinger,* 46 AD3d 634 [2007]).

With respect to the plaintiff Eleonora Buono (hereinafter Eleonora), the defendant relied on the affirmed medical reports of, inter alia, Dr. Toriello and Dr. Singh. Dr. Toriello examined Eleonora on September 11, 2008. On that date, Dr. Toriello noted a significant limitation in her lumbar spine range of motion and a significant limitation in her cervical spine range of motion. These findings alone were sufficient to deny the defendant's motion as addressed to Eleonora's injuries (*see Alvarez v Dematas,* 65 AD3d 598 [2009]; *Landman v Sarcona,* 63 AD3d 690 [2009]; *Bagot v Singh,* 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care,* 54 AD3d 362 [2008]; *Jenkins v Miled*

*Hacking Corp.,* 43 AD3d 393 [2007]). Dr. Singh also examined Eleonora on September 11, 2008. He also found significant limitations in the range of motion of her lumbar spine when he examined her. While Dr. Singh concluded that Eleonora suffered from preexisting osteoarthritis and degenerative disc disease, he failed to set forth the foundation for that conclusion (*see Franchini v Palmieri,* 1 NY3d 536 [2003]; *Luciano v Luchsinger,* 46 AD3d 634 [2007]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without considering the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Dematas,* 65 AD3d 598 [2009]; *Held v Heideman,* 63 AD3d 1105 [2009]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.