■ Younoussa Bengaly, Respondent, v Karnail Singh, Appellant. [890 NYS2d 352]—

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint since he failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied on, inter alia, the affirmed medical report of his examining orthopedic surgeon. In his report, which was based on an examination of the plaintiff on February 22, 2008, the orthopedic surgeon noted significant limitations in the plaintiff's cervical spine range of motion (*see Chang Ai Chung v Levy*, 66 AD3d 946 [2009]; *Alvarez v Dematas*, 65 AD3d 598 [2009]; *Landman v Sarcona*, 63 AD3d 690 [2009]). While the orthopedic surgeon concluded that the range-of-motion limitation noted in the cervical spine was a "subjective examination parameter," he failed to explain or substantiate, with any objective medical evidence, the basis for his conclusion that the noted limitations were self-restricted (*see Moriera v Durango*, 65 AD3d 1024 [2009]). While he further opined that the plaintiff's magnetic resonance imaging findings concerning his cervical spine revealed mild degenerative changes, he provided no foundation for this conclusion (*see Franchini v Palmieri*, 1 NY3d 536 [2003]; *see also Buono v Sarnes*, 66 AD3d 809 [2009]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment without considering the sufficiency of the plaintiff's opposition papers (*see Chang Ai Chung v Levy*, 66 AD3d at 947; *Moriera v Durango*, 65 AD3d at 1025; *Landman v Sarcona*, 63 AD3d at 691). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.