■ BYRON KJONO, Appellant, v EDWARD FENNING, Defendant, and MORTON J. HELD et al., Respondents. [893 NYS2d 157]—

The defendants Morton Held and Barbara Held (hereinafter the Helds) failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their motion, the Helds relied on, inter alia, the affirmed medical report of their examining orthopedic surgeon. In that report, which was based on an examination of the plaintiff conducted on January 7, 2008, the orthopedic surgeon noted significant limitations in the plaintiff's lumbar spine range of motion, and a significant limitation in his cervical spine range of motion (*see Held v Heideman,* 63 AD3d 1105, 1106 [2009]; *Torres v Garcia,*

59 AD3d 705 [2009]; *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 473 [2007]).

Accordingly, the Supreme Court should have denied the Helds' motion for summary judgment dismissing the complaint insofar as asserted against them regardless of the sufficiency of the plaintiff's opposing papers (*see Held v Heideman*, 63 AD3d at 1106; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.