■ Fresia Catalan, Respondent, v G and A Processing, Inc., et al., Appellants. (And a Third-Party Action.) [901 NYS2d 276]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Battaglia, J.), dated July 14, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the report of a neurologist, Edward Weiland, who examined the plaintiff. The report showed significant limitations in the plaintiff's left shoulder, precluding the defendants from establishing their prima facie entitlement to judgment as a matter of law (*see Cuevas v Compote Cab Corp.*, 61 AD3d 812 [2009]; *Colon v Chuen Sum Chu*, 61 AD3d 805 [2009]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to their motion for summary judgment were sufficient to raise a triable issue of fact (*see Gaccione v Krebs*, 53 AD3d 524 [2008]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Fisher, Santucci, Angiolillo and Lott, JJ., concur.