■ MARIE LEOPOLD, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [899 NYS2d 626]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated January 14, 2009, which granted the defendants' motion for summary judgment dismissing the

complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied, and a subsequent order of the same court dated August 12, 2009, made upon renewal, is vacated.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the affirmed medical report of Barbara Joyce Freeman, their examining orthopedic surgeon. In that report, Dr. Freeman noted significant limitations in the range of motion within the region of the plaintiff's lumbar spine (*see Catalan v G and A Processing, Inc.*, 71 AD3d 1071 [2010]; *Croyle v Monroe Woodbury Cent. School Dist.*, 71 AD3d 944 [2010]; *Kjono v Fenning*, 69 AD3d 581 [2010]; *Held v Heideman*, 63 AD3d 1105 [2009]; *Torres v Garcia*, 59 AD3d 705 [2009]; *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555, 556 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 473 [2007]). Furthermore, while Dr. Freeman set forth findings in the report concerning the range of motion in the plaintiff's right knee, she failed to compare those findings to what was normal (*see Chiara v Dernago*, 70 AD3d 746 [2010]; *Page v Belmonte*, 45 AD3d 825 [2007]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]). The extent of the limitation in the range of motion of the plaintiff's right knee indicated in the report cannot be ascertained given the fact that Dr. Freeman failed to compare any of those findings to what was normal (*see Gaccione v Krebs*, 53 AD3d 524 [2008]; *Iles v Jonat*, 35 AD3d 537 [2006]; *McCrary v Street*, 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the plaintiff's papers submitted in opposition were sufficient to raise a triable issue of fact (*see Kjono v Fenning*, 69 AD3d at 581; *Chiara v Dernago*, 70 AD3d at 746; *Gaccione v Krebs*, 53 AD3d 524 [2008]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.