■ Cathleen M. Britt, Appellant, v Antonio L. Bustamante et al., Respondents, et al., Defendant. [909 NYS2d 138]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), entered March 3, 2009, which, upon remittitur from this Court (*see Britt v Bustamante*, 55 AD3d 858 [2008]), granted that branch of the motion of the defendants Antonio L. Bustamante and County of Suffolk which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendants Antonio L. Bustamante and County of Suffolk which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The defendants Antonio L. Bustamante and County of Suffolk (hereinafter together the defendants) failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied, inter alia, on the affirmed medical report of an orthopedist who examined the plaintiff more than three years after the accident, and noted significant range-of-motion limitations in the plaintiff's cervical spine. In view of the orthopedist's findings, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Fields v Hildago*, 74 AD3d 740 [2010]; *Smith v Hartman*, 73 AD3d 736 [2010]; *Leopold v New York City Tr. Auth.*, 72 AD3d 906 [2010]; *Catalan v G & A Processing, Inc.*, 71 AD3d 1071, 1072 [2010]; *Kjono v Fenning*, 69 AD3d 581 [2010]; *Buono v Sarnes*, 66 AD3d 809, 810 [2009]).

Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion regardless of the sufficiency of the plaintiff's opposing papers (*see Kjono v Fenning*, 69 AD3d at 582; *Buono v Sarnes*, 66 AD3d at 810; *Held v Heideman*, 63 AD3d 1105, 1106 [2009]). Skelos, J.P., Eng, Belen and Hall, JJ., concur.