■ VLADIMIR GRANOVSKIY et al., Respondents, v IMRAN A. ZARBALIYEV et al., Appellants. [909 NYS2d 667]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated January 14, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the defendants' assertion, they failed to meet their prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *cf. Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied on the affirmed medical reports of their examining orthopedic surgeon, Dr. Gregory Montalbano, which were

insufficient to eliminate all triable issues of fact. Dr. Montalbano examined the plaintiffs on September 23, 2008, and noted in his respective reports significant range-of-motion limitations in the cervical region of the plaintiff Vladimir Granovskiy's spine, and significant range-of-motion limitations in the cervical and lumbar regions of the plaintiff Lyubov Granovskaya's spine and left shoulder (*see Smith v Hartman*, 73 AD3d 736 [2010]; *Leopold v New York City Tr. Auth.*, 72 AD3d 906 [2010]; *Catalan v G & A Processing, Inc.*, 71 AD3d 1071 [2010]; *Croyle v Monroe Woodbury Cent. School Dist.*, 71 AD3d 944 [2010]; *Kjono v Fenning*, 69 AD3d 581 [2010]). While Dr. Montalbano concluded, with respect to both of the plaintiffs, that the range-of-motion limitations noted were a "subjective examination parameter," he failed to explain or substantiate, with any objective medical evidence, the basis for his conclusions that the noted limitations were self-restricted (*see Bengaly v Singh*, 68 AD3d 1030 [2009]; *Moriera v Durango*, 65 AD3d 1024 [2009]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the plaintiffs' papers submitted in opposition were sufficient to raise a triable issue of fact (*see Smith v Hartman*, 73 AD3d at 737; *Leopold v New York City Tr. Auth.*, 72 AD3d at 907; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.