■ YVES SAINNOVAL, Respondent, v HARRINARINE SALLICK, Appellant. [911 NYS2d 429]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated May 3, 2010, which denied his motion for summary judgment dismissing the complaint on the

ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Although we affirm the order appealed from, we do so on a ground not relied upon by the Supreme Court. Contrary to the defendant's contentions on appeal, he failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of the defendant's motion, he relied upon, inter alia, the affirmed medical reports of Dr. Edward Weiland and Dr. Joseph Elfenbein. Both reports were fatal to the defendant meeting his prima facie burden.

Dr. Weiland examined the plaintiff on February 18, 2009, and examined, inter alia, the plaintiff's right knee range of motion. In doing so, he noted the existence of limitations in the plaintiff's right knee flexion and extension the extent of which is unknown, since he failed to compare those findings to what was normal (*see Leopold v New York City Tr. Auth.*, 72 AD3d 906 [2010]; *Gaccione v Krebs*, 53 AD3d 524 [2008]; *Iles v Jonat*, 35 AD3d 537 [2006]; *McCrary v Street*, 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]). Absent such comparative quantification, we cannot conclude, as a matter of law, that the decreased range of motion is "minor, mild or slight" so as to be considered insignificant within the meaning of the no-fault statute (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; *Gaddy v Eyler*, 79 NY2d at 957).

As to Dr. Elfenbein, he examined the plaintiff on February 18, 2008. In his report, Dr. Elfenbein noted the existence of a significant limitation in the plaintiff's right knee range of motion (*see Sirma v Beach*, 59 AD3d 611 [2009]; *Newberger v Hirsch*, 49 AD3d 700 [2008]; *Tchjevskaia v Chase*, 15 AD3d 389 [2005]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to address the question of whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.