■ DON ARTIS, Respondent, v PEDRO LUCAS, Appellant. [921 NYS2d 910]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated November 9, 2010, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied upon, inter alia, the affirmed medical report of Dr. Alan M. Crystal. When this doctor examined the plaintiff in February 2010, he noted significant limitations in the range of motion of the lumbar region of the plaintiff's spine (*see Ortiz v Orlov*, 76 AD3d 1000, 1001 [2010]; *Cheour v Pete & Sals Harborview Transp., Inc.*, 76 AD3d 989 [2010]; *Smith v Hartman*, 73 AD3d 736 [2010]; *Leopold v New York City Tr. Auth.*, 72 AD3d 906 [2010]). Although Dr. Crystal indicated that the limitations noted were subjective in nature, he failed to explain or substantiate the basis for his conclusion that the noted limitations were self-imposed with any objective medical evidence (*see Iannello v Vazquez*, 78 AD3d 1121 [2010]; *Granovskiy v Zarbaliyev*, 78 AD3d 656 [2010]; *cf. Perl v Meher*, 74 AD3d 930 [2010]; *Bengaly v Singh*, 68 AD3d 1030, 1031 [2009]; *Moriera v Durango*, 65 AD3d 1024, 1024-1025 [2009]; *Torres v Garcia*, 59 AD3d 705, 706 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the plaintiff's papers

submitted in opposition were sufficient to raise a triable issue of fact (*see Iannello v Vazquez*, 78 AD3d at 1121; *Ortiz v Orlov*, 76 AD3d at 1001; *Bengaly v Singh*, 68 AD3d at 1031; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.