■ FRANCES AMBROSELLI, Appellant, v TEAM MASSAPEQUA, INC., Doing Business as DOMINO'S PIZZA, et al., Respondents. [931 NYS2d 652]—

Contrary to the Supreme Court's determination, the defendant Team Massapequa, Inc., doing business as Domino's Pizza, and the defendants Timothy M. Lanahan and Judith A. Lanahan, failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants all relied on the same submissions in support of their motions, including the affirmed medical reports of, among others, Dr. Audrie Marie DeJesus and Dr. Jacquelin Emmanuel. Dr. DeJesus, the defendants' examining neurologist, examined the plaintiff on June 30, 2009, slightly more than two years after the accident, and noted significant limitations in the range of motion of the thoracolumbar region of the plaintiff's spine (*see Artis v Lucas*, 84 AD3d 845 [2011]; *Ortiz v Orlov*, 76 AD3d 1000, 1001 [2010]; *Cheour v Pete & Sals Harborview Transp., Inc.*, 76 AD3d 989 [2010]; *Smith v Hartman*, 73 AD3d 736 [2010]; *Leopold v New York City Tr. Auth.*, 72 AD3d 906 [2010]). While Dr. DeJesus opined that those limitations were "subjective" in nature, she failed to explain or substantiate, with any objective medical evidence, the basis for her conclusion that the noted limitations were self-imposed (*see Artis v Lucas*, 84 AD3d at 845; *Iannello v Vazquez*, 78 AD3d 1121 [2010]; *Granovskiy v Zarbaliyev*, 78 AD3d 656 [2010]; *Perl v Meher*, 74 AD3d 930 [2010]; *Bengaly v Singh*, 68 AD3d 1030, 1031 [2009]; *Moriera v Durango*, 65 AD3d 1024, 1024-1025 [2009]; *Torres v Garcia*, 59 AD3d 705, 706 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]). In this case, the plaintiff alleged in her bill of particulars that the subject accident caused an exacerbation of her prior hemilaminectomy at L5, and an aggravation, exacerbation, and/or precipitation of prior dormant lower back pain. The findings of this expert failed to establish that the limitations noted by her were not caused by the subject accident (*see Rabinowitz v Kahl*, 78 AD3d 678 [2010]; *Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *McKenzie v Redl*, 47 AD3d 775 [2008]).

The affirmed medical report of Dr. Emmanuel, the only other defense expert to examine the range of motion of the lumbar region of the plaintiff's spine, set forth range of motion findings with respect to that region of the plaintiff's body, but failed to compare those findings to what is normal (*see Grisales v City of New York*, 85 AD3d 964, 965 [2011]; *Frasca-Nathans v Nugent*, 78 AD3d 651 [2010]; *Chiara v Dernago*, 70 AD3d 746, 747 [2010]; *Page v Belmonte*, 45 AD3d 825, 826 [2007]; *Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]; *Nociforo v Penna*, 42 AD3d 514, 515 [2007]).

Since the defendants failed to meet their prima facie burdens, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

Accordingly, the Supreme Court should have denied the defendants' motions for summary judgment. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur. **[Prior Case History: 27 Misc 3d 1238(A), 2010 NY Slip Op 51099(U).]**