■ CHARLES SWENSEN, Respondent, v MV TRANSPORTATION, INC., et al., Appellants, et al., Defendants. [933 NYS2d 96]—

To vacate his default in opposing the motion of the defendants MV Transportation, Inc., and Jeffrey Salley (hereinafter together the appellants), the plaintiff was required to demonstrate a reasonable excuse for the default in opposing the motion and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Ogunmoyin v 1515 Broadway Fee Owner, LLC*, 85 AD3d 991 [2011]; *Legaretta v Ekhstor*, 74 AD3d 899 [2010]; *Rivera v Komor*, 69 AD3d 833 [2010]; *Nowell v NYU Med. Ctr.*, 55 AD3d 573 [2008]). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion (*see White v Incorporated Vil. of Hempstead*, 41 AD3d 709, 710 [2007]), and the Supreme Court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005) where that claim is supported by a "detailed and credible" explanation of the default or defaults at issue (*Henry v Kuveke*, 9 AD3d 476, 479 [2004]).

Here, the plaintiff's counsel provided a detailed and credible explanation for his default in this matter, which included various acts of misconduct and deception by his former associate attorney who worked on the plaintiff's matter. The plaintiff also demonstrated a potentially meritorious opposition to the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of his motion to vacate, the plaintiff relied on, inter alia, the affirmed medical report of the appellants' own examining neurologist who, upon examining the plaintiff on October 24, 2007, almost four years post-accident, found significant limitations in the range of motion in the cervical region of the plaintiff's spine and a significant limitation in the range of motion in the lumbar region of the plaintiff's spine (*see Artis v Lucas*, 84 AD3d 845

[2011]; *Ortiz v Orlov*, 76 AD3d 1000, 1001 [2010]; *Cheour v Pete & Sals Harborview Transp., Inc.*, 76 AD3d 989 [2010]; *Smith v Hartman*, 73 AD3d 736 [2010]; *Leopold v New York City Tr. Auth.*, 72 AD3d 906 [2010]). While this neurologist suggested that the limitations noted were subjective in nature, he failed to explain or substantiate the basis for his conclusion that the noted limitations were self-imposed with any objective medical evidence (*see Artis v Lucas*, 84 AD3d at 845; *Iannello v Vazquez*, 78 AD3d 1121 [2010]; *Granovskiy v Zarbaliyev*, 78 AD3d 656 [2010]; *cf. Perl v Meher*, 74 AD3d 930 [2010]; *Bengaly v Singh*, 68 AD3d 1030, 1031 [2009]; *Moriera v Durango*, 65 AD3d 1024, 1024-1025 [2009]; *Torres v Garcia*, 59 AD3d 705, 706 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]).

Thus, contrary to the appellants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to vacate his default. Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.