■ DEON WILLIAMS, Appellant, v FAVA CAB CORP. et al., Respondents. [935 NYS2d 90]—

The Supreme Court erred in concluding that the defendants Adam Alhaji U. Farook and Young-Hyuk Park (hereinafter the Farook defendants) made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them on that ground, they relied upon, among other things, the affirmed medical report of Dr. Gregory Montalbano, their examining orthopedic surgeon. Dr. Montalbano noted in his affirmed medical report that, during his examination of the plaintiff on May 1, 2009, the plaintiff showed limitations in his right and left shoulder ranges of motion. Specifically, Dr. Montalbano found, with respect to both shoulders, that the plaintiff could internally rotate to "T12," when to "T7" was normal. He acknowledged in his report that these findings amounted to a diminished range of motion, but since the limitations were not quantified for the purpose of comparing those findings to what was normal, we cannot conclude, as a matter of law, that this decreased range of motion is "minor, mild or slight" so as to be considered insignificant within the meaning of the no-fault statute (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see Sainnoval v Sallick*, 78 AD3d 922 [2010]). Moreover, while Dr. Montalbano opined that the range-of-motion limitations noted in the plaintiff's shoulders were "subjective" in nature, he failed to explain or substantiate the basis for his conclusion that the noted limitations were self-imposed with any objective medical evidence (*see Artis v Lucas*, 84 AD3d 845 [2011]; *Iannello v Vazquez*, 78 AD3d 1121 [2010]; *Granovskiy v Zarbaliyev*, 78 AD3d 656 [2010]; *cf. Bengaly v Singh*, 68 AD3d 1030, 1031 [2009]; *Moriera v Durango*, 65 AD3d 1024, 1024-1025 [2009]; *Torres v Garcia*, 59 AD3d 705, 706 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]).

The Supreme Court properly concluded that in support of their respective motion and cross motion, the defendants Fava Cab Corp. and Nadeem A. Awan (hereinafter together the Fava Cab defendants), and the defendants Staff Cab Corp. and Balandea N. Tripathi (hereinafter together the Staff Cab defendants), made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d at 956-957). With respect to the issue of serious injury, those defendants did not rely on the same evidence relied upon by the Farook defendants in support of their cross motion. In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the cervical and/or lumbar regions of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident.

The plaintiff raised this triable issue of fact by the affirmation of his treating physician, Dr. David Mun. Based on Dr. Mun's contemporaneous and recent examinations of the plaintiff, which revealed significant limitations in the cervical and lumbar regions of the plaintiff's spine, and his review of the affirmed reports describing the results of magnetic resonance imaging scans of those regions of the plaintiff's spine, which revealed herniated discs at C2-3, C3-4, C4-5, C5-6, and C6-7, as well as disc bulges at C4-5, L4-5, and L5-S1, Dr. Mun concluded that the injuries to the cervical and lumbar regions of the plaintiff's spine were permanent and causally related to the subject accident. He opined that the plaintiff, as a result of the subject accident, sustained a permanent consequential limitation of use of, inter alia, the cervical and lumbar regions of his spine, and sustained a significant limitation of use of those regions as well. Thus, Dr. Mun's affirmation was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Tai Ho Kang v Young Sun Cho*, 74 AD3d 1328 [2010]; *Barry v Valerio*, 72 AD3d 996 [2010]; *Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]).

Contrary to the defendants' contentions, the plaintiff's

submissions adequately explained the lengthy gap in his treatment (*see Black v Robinson*, 305 AD2d 438, 439-440 [2003]; *see also Pommells v Perez*, 4 NY3d 566, 577 [2005]; *Gaviria v Alvardo*, 65 AD3d 567 [2009]; *Bonilla v Tortoriello*, 62 AD3d 637 [2009]). The plaintiff's submissions also adequately addressed the issue of degeneration (*see Tai Ho Kang v Young Sun Cho*, 74 AD3d 1328 [2010]; *Whitehead v Olsen*, 70 AD3d 678 [2010]; *Modeste v Mercier*, 67 AD3d 871 [2009]).

Accordingly, the Supreme Court should have denied the respective branches of the motion of the Fava Cab defendants and cross motion of the Farook defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and should have denied the cross motion of the Staff Cab defendants for summary judgment dismissing the complaint insofar as asserted against them on that ground. In light of our determination, we must remit the matter to the Supreme Court, Queens County, for a determination of the respective branches of the motion of the Fava Cab defendants and cross motion of the Farook defendants which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them on the ground that they were not at fault in the happening of the subject accident, since those branches were never decided by the Supreme Court in light of its determination on the issue of serious injury. Florio, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32503(U).]**