The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant contended that the alleged injuries to the lumbar region of the plaintiffs spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d). However, the defendant’s examining orthopedic surgeon recounted, in an affirmed report *561 submitted in support of the defendant’s motion for summary judgment dismissing the complaint, that range-of-motion testing performed during the examination revealed significant limitations of motion in the lumbar region of the plaintiff’s spine (see Scott v Gresio, 90 AD3d 736 [2011]; Nelms v Khokhar, 12 AD3d 426 [2004]). Further, the defendant’s orthopedic surgeon failed to adequately explain and substantiate with any objective medical evidence his belief that the limitations of motion in the lumbar region of the plaintiffs spine were self-imposed (see Williams v Fava Cab Corp., 90 AD3d 912, 913 [2011]; Artis v Lucas, 84 AD3d 845, 845 [2011]; cf. Perl v Meher, 18 NY3d 208, 219 [2011]).
Since the defendant failed to meet his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact on this issue (see Cues v Tavarone, 85 AD3d 846, 846-847 [2011]).
Furthermore, in opposition to the defendant’s prima facie showing that the accident did not result from negligence on his part, the plaintiff raised a triable issue of fact on the question of liability (see CPLR 3212 [b]; Alexandre v Dweck, 44 AD3d 597, 597-598 [2007]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.