■ IGOR G. KONSTANTINOV, Respondent, v MTLR CORP. et al., Appellants. [966 NYS2d 183]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated February 23, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion for summary judgment, the defendants submitted, among other things, the affirmed report of Dr. William B. Head, Jr., a psychiatrist and neurologist who reviewed the plaintiff's medical records and performed an independent neurological examination of the plaintiff. Dr. Head opined that the plaintiff was exaggerating his alleged memory loss, and that in reality the plaintiff did not sustain any neurological injury or psychiatric condition as a result of the subject accident. However, Dr. Head failed to explain or substantiate those conclusions with any objective medical evidence (*see Cheour v Pete & Sals Harborview Transp., Inc.*, 76 AD3d 989, 989-990 [2010]; *Reitz v Seagate Trucking, Inc.*, 71 AD3d 975 [2010]; *Bengaly v Singh*, 68 AD3d 1030 [2009]). Moreover, the defendants' experts asserted that the plaintiff was essentially malingering with respect to his alleged head injury, which merely presents an issue of credibility which the courts should not decide on a motion for summary judgment (*see Perl v Meher*, 18 NY3d 208, 219 [2011]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.