██ MICHAEL MORAFATES, Appellant, v NICHOLAS T. MACCHIA et al., Respondents, and MOHAMMED E. ZARGAR, Appellant. [7 NYS3d 546]—

In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Mohammed E. Zargar separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered November 7, 2012, as granted the motion of the defendants Nicholas T. Macchia and Nicole K. Macchia for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of an accident that occurred on June 7, 2009.

Ordered that the appeal by the defendant Mohammed E. Zargar is dismissed, as he is not aggrieved by the portion of the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff, on the law, and the motion of the defendants Nicholas T. Macchia and Nicole K. Macchia for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Nicholas T. Macchia and Nicole K. Macchia.

Contrary to the Supreme Court's determination, the defendants Nicholas T. Macchia and Nicole K. Macchia (hereinafter together the Macchia defendants) failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of a motor vehicle accident that occurred on June 7, 2009 (hereinafter the subject accident) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the Macchia defendants relied upon, inter alia, the affirmation of Dr. Eric L. Freeman, their examining orthopedic surgeon, who opined that the plaintiff's orthopedic condition was "completely attributable" to an accident that took place on September 17, 2009, and not to the subject accident. Dr. Freeman, however, failed to set forth the foundation for that conclusion (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Balducci v Velasquez*, 92 AD3d 626, 627 [2012]; *Bengaly v Singh*, 68 AD3d 1030, 1031 [2009]). Since the Macchia defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion without considering the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.