■ Kleber Garcia, Plaintiff, and Richard Perez et al., Respondents, v Bibi N. Mangaru et al., Appellants, et al., Defendant. [790 NYS2d 888]—

In an action to recover damages for personal injuries, the defendants Bibi N. Mangaru and Nooruldeen Mohamed appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 16, 2003, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiffs Richard Perez and Bella S. Marin did not sustain serious injuries within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The appellants failed to make a prima facie showing that the plaintiffs Richard Perez and Bella S. Marin did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmations of the appellants' examining physicians were couched in only the most conclusory of language, and failed to " 'set forth the objective test or tests performed' supporting their claims that there was no limitation of range of motion" (*Black v Robinson*, 305 AD2d 438, 439 [2003], quoting *Gamberg v Romeo*, 289 AD2d 525 [2001]; *see Junco v Ranzi*, 288 AD2d 440 [2001]).

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.