JOHN SULLIVAN, Appellant, v RENEE JOHNSON, Respondent. [835 NYS2d 367]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered December 15, 2005, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

Contrary to the Supreme Court's determination, the defendant failed to satisfy her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In support of her motion, the defendant relied on the affirmed medical report of her examining orthopedist. That report failed to rule out the existence of limitations in the plaintiff's cervical spine range of motion and reported limitations in his lumbar spine range of motion almost three years post-accident (*see Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]; *Spuhler v Khan*, 14 AD3d 693, 693-694 [2005]), and failed to offer any facts or even an opinion showing any other possible origin or cause for those limitations other than the accident. His speculative assertions concluding, in effect, that those limitations were not causally related to the accident are insufficient (*see Bennett v Genas*, 27 AD3d 601 [2006]; *Desamour v New York City Tr. Auth.*, 8 AD3d 326 [2004]). Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, we need not consider whether the papers submitted by the plaintiff were sufficient to raise a triable issue of fact

(*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Crane, J.P., Santucci, Florio and Balkin, JJ., concur.

Dillon, J. (dissenting and voting to affirm the order appealed from). I respectfully dissent.

My colleagues conclude that the affirmed medical report of the defendant's orthopedic surgeon, Michael Brooks, fails to establish the defendant's prima facie entitlement to summary judgment, as the report notes certain restrictions in the plaintiff's range of motion. However, the medical report also notes, very clearly, that any complaints or restrictions are not causally related to the subject accident which is a basis for an award of summary judgment (*see Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]; *McNeil v Dixon*, 9 AD3d 481, 482 [2004]). The orthopedic surgeon's opinion is not conclusory, as it is based upon objective tests administered during a physical examination of the plaintiff and upon a review of medical records showing a history of significant degenerative arthritic pathology (*see Garcia v Mangaru*, 16 AD3d 547 [2005]; *Daley v Shahzad*, 13 AD3d 475, 476 [2004]; *Paul v Trerotola*, 11 AD3d 441, 442 [2004]). Therefore, the defendant established her prima facie entitlement to judgment as a matter of law by tendering competent evidence that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident.

The papers submitted by the plaintiff in opposition to the defendant's motion failed to raise a question of fact requiring trial, as the reports of the plaintiff's treating physician were not based on a recent examination of the plaintiff (*see Gomez v Epstein*, 29 AD3d 950, 951 [2006]; *Legendre v Bao*, 29 AD3d 645, 646 [2006]; *Barzey v Clarke*, 27 AD3d 600 [2006]). Moreover, the affirmation of the plaintiff's examining osteopath and its annexed report failed to establish that any limitations in the plaintiff's range of motion were contemporaneous with the subject accident (*see Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Ramirez v Parache*, 31 AD3d 415, 416 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447, 448 [2006]). The reports of the plaintiff's cervical and lumbar magnetic resonance imaging studies fail to evidence the extent of alleged physical limitations and their duration (*see Mejia v DeRose*, 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]). The plaintiff further failed to submit competent medical evidence that he was unable to perform substantially all of his usual and customary daily activities for not less than 90 of the first 180 days after

the accident (*see Felix v New York City Tr. Auth., supra* at 528; *Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]).

Accordingly, I would affirm the order appealed from granting that branch of the defendant's motion which was for summary judgment dismissing the complaint.