■ CHRISTINE WRIGHT, Appellant, v AAA CONSTRUCTION SERVICES, INC., et al., Respondents. [855 NYS2d 149]—

The Supreme Court erred in concluding that the defendants satisfied their respective prima facie burdens on their separate motions for summary judgment by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motions, the defendants relied on essentially the same submissions. Included within those submissions was the affirmed medical report of their examining orthopedic surgeon, who noted significant range of motion limitations in the plaintiff's left shoulder upon examination two years post-accident (*see Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]; *Sullivan v Johnson*, 40 AD3d 624 [2007]; *Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). Accordingly, the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, and it is unnecessary to reach the question of whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]; *Sullivan v Johnson*, 40 AD3d 624 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.