LEONARDO GUZMAN, Respondent, v JEANMILLE JOSEPH, Appellant. [855 NYS2d 638]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 18, 2007, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Although we affirm the order appealed from, we do so on

grounds other than those relied upon by the Supreme Court. The defendant failed to satisfy his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied upon, inter alia, the affirmed medical report of his examining neurologist, who examined the plaintiff on January 17, 2007, which noted significant limitations in the range of motion of the plaintiff's cervical spine (*see Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]; *Sullivan v Johnson*, 40 AD3d 624 [2007]; *Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]).

Moreover, the defendant failed to adequately address the plaintiff's claim, set forth in his bill of particulars, that, as a result of the accident, he was unable to perform substantially all of the material acts which constituted his usual and customary daily activities for a period of 90 days during the 180 days immediately following the accident (*see Greenidge v Righton Limo, Inc.*, 43 AD3d 1109 [2007]; *DeVille v Barry*, 41 AD3d 763 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]). The accident occurred on December 8, 2005. The plaintiff testified at his examination before trial that as a result of the accident he never returned to work, and the defendant's examining experts noted in their respective reports that the plaintiff missed about a year of work. The defendant's examining neurologist and orthopedist did not examine the plaintiff until almost 1 1/2 years after the accident, and did not relate their medical findings to this category of serious injury for the period of time immediately following the accident.

Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Greenidge v Righton Limo, Inc.*, 43 AD3d 1109 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.