■ STACEY MCGREGOR, Appellant, v CACERES R. AVELLANEDA et al., Defendants and Third-Party Plaintiffs-Respondents. DONALD A. BLEAKLEY, Third-Party Defendant-Respondent. [855 NYS2d 625]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 13, 2007, which granted the defendant's motion and that branch of the third-party defendant's motion which was for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court dated May 30, 2007, which denied her motion for leave to reargue.

Ordered that the order dated March 13, 2007 is reversed, on the law, the defendants' motion for summary judgment dismissing the complaint and that branch of the third-party defendant's motion which was for summary judgment dismissing the complaint are denied; and it is further,

Ordered that the appeal from the order dated May 30, 2007 is dismissed, as no appeal lies from an order denying reargument, and, in any event, the appeal has been rendered academic in light of our determination of the appeal from the order dated March 13, 2007; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.

The defendants and the third-party defendant (hereinafter the respondents) failed on their separate motions to satisfy their initial prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure*

v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their motions, the respondents relied on the affirmed medical report of the third-party defendant's examining neurologist Dr. Rene Elkin. In Dr. Elkin's report, which was based upon an examination that occurred more than three years after the subject accident, Dr. Elkin noted significant range of motion limitations in the plaintiff's left shoulder (see Zamaniyan v Vrabeck, 41 AD3d 472 [2007]; Sullivan v Johnson, 40 AD3d 624 [2007]; Smith v Delcore, 29 AD3d 890 [2006]; Sano v Gorelik, 24 AD3d 747 [2005]; Spuhler v Khan, 14 AD3d 693 [2005]; Omar v Bello, 13 AD3d 430 [2004]; Scotti v Boutureira, 8 AD3d 652 [2004]). Since the respondents failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Zamaniyan v Vrabeck, 41 AD3d 472 [2007]; Sullivan v Johnson, 40 AD3d 624 [2007]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.