■ DALE GIBSON-WALLACE, Appellant, et al., Plaintiff, v ROBERT J. DALESSANDRO et al., Respondents. [872 NYS2d 156]—

In an action to recover damages for personal injuries, the plaintiff Dale Gibson-Wallace appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered June 29, 2007, as granted those branches of the respective motions of the defendants which were for summary judgment dismissing the complaint insofar as asserted by her against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the plaintiff Dale Gibson-Wallace, and those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Dale Gibson-Wallace against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied.

The Supreme Court erred in finding that, on their respective motions, each of the defendants met their prima facie burden with respect to the plaintiff Dale Gibson-Wallace (hereinafter the appellant) by showing that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their separate motions, both defendants relied upon the affirmed medical report of Dr. Vartkes Khachadurian, an orthopedic surgeon, who noted, during cervical spine testing on June 14, 2006, that the appellant was able to forward flex to 60 degrees in the cervical spine, but failed to adequately compare that finding to the normal range he provided (see generally Barrera v MTA Long Is. Bus, 52 AD3d 446 [2008]). In this respect, Dr. Khachadurian noted that "chin to the chest" was normal for cervical forward flexion, but failed to correlate that to his finding that the appellant was able to forward flex to 60 degrees.

The defendant Robert J. Dalessandro further relied on the affirmed medical report of Dr. Matthew Chacko, a neurologist, who noted significant limitations in the appellant's cervical and lumbar spine ranges of motion based upon his examination that took place more than two years after the subject accident occurred (see Hurtte v Budget Roadside Care, 54 AD3d 362 [2008]; Perry v Brusini, 53 AD3d 478 [2008]; Moorer v Amboy Bus Co., Inc., 52 AD3d 587 [2008]).

Since the defendants did not meet their prima facie burdens of establishing their entitlement to judgment as a matter of law, we need not address the question of whether the papers submitted by the appellant were sufficient to raise a triable issue of fact (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.