■ CAROL A. GIACOMARO, Appellant, v RALPH R. WILSON et al., Respondents. [872 NYS2d 180]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered December 14, 2007, which granted

the motion of the defendant Ralph R. Wilson and the separate motion of the defendants Brian J. Scelfo and Mark S. Scelfo for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable to the plaintiff, and the motion of the defendant Ralph R. Wilson and the separate motion of the defendants Brian J. Scelfo and Mark S. Scelfo for summary judgment dismissing the complaint insofar as asserted against them are denied.

The Supreme Court erred in determining that the defendants met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). Here, the defendants, who submitted the same evidence in support of their respective motions, relied, inter alia, on the affirmed medical report of Dr. Vartkes Khachadurian. That doctor, an orthopedic surgeon, examined the plaintiff on April 11, 2007, and noted in his report a significant limitation in the range of motion of the plaintiff's right shoulder (*see Hurtte v Budget Roadside Care,* 54 AD3d 362 [2008]; *Perry v Brusini,* 53 AD3d 478 [2008]; *Jenkins v Miled Hacking Corp.,* 43 AD3d 393 [2007]; *Bentivegna v Stein,* 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck,* 41 AD3d 472 [2007]). Since the defendants failed to meet their respective prima facie burdens, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Hurtte v Budget Roadside Care,* 54 AD3d 362 [2008]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Spolzino, J.P., Covello, McCarthy and Belen, JJ., concur.