■ MICHELE DELAYHAYE, Plaintiff, and COLVILLE ELSON, Appellant, v CALEDONIA LIMO & CAR SERVICE, INC., et al., Respondents. [877 NYS2d 438]—

In a consolidated action to recover damages for personal injuries, the plaintiff Colville Elson appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated October 26, 2007, as granted the respective motions of the defendants Caledonia Limo & Car Service, Inc., and Lincoln O. Phillips, and the defendants Nakia Trent Griffin and Yaneen S. Griffin, for summary judgment dismissing the complaint insofar as asserted by him against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, with one bill of costs, and the defendants' motions for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Colville Elson are denied.

The Supreme Court erred in granting the defendants' mo-

tions for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Colville Elson (hereinafter the appellant). In support of their motion, the defendants Caledonia Limo & Car Service, Inc., and Lincoln O. Phillips (hereinafter together Caledonia) relied on, inter alia, the report of the appellant's treating physician, Dr. Glenton A. Smith, dated October 2, 2004. In that report, Dr. Smith noted the existence of significant limitations in the ranges of motion of the appellant's lumbar and cervical spines (*see Guerrero v Bernstein*, 57 AD3d 845 [2008]). The defendants Nakia Trent Griffin and Yaneen S. Griffin relied on the affirmed medical reports of their examining orthopedic surgeon and neurologist, in which they noted significant limitations in the range of motion of the appellant's lumbar spine (*see Giacomaro v Wilson*, 58 AD3d 802 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]).

Furthermore, the defendants' motion papers never addressed the appellant's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see Colacino v Andrews*, 50 AD3d 615 [2008]; *Greenidge v Righton Limo, Inc.*, 43 AD3d 1109 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]). Here, the subject accident occurred on April 6, 2004, and the appellant alleged that he was out of work for three months as a result thereof. The experts for the defendants who examined the appellant did so more than 2½ years after the accident. None of those experts related their findings to this category of serious injury for the period of time immediately following the subject accident.

While Caledonia also relied on the affirmed medical report of Dr. Audrey Eisenstadt, their radiologist, it failed to establish that the appellant did not sustain a serious injury. In her report, Dr. Eisenstadt merely provided her opinion concerning her review of the appellant's lumbar spine magnetic resonance imaging films dated April 13, 2004. The appellant claimed more than lumbar injuries in his bill of particulars, and Dr. Eisenstadt's report does not address those other claims, such as cervical spine injuries (*see Carr v KMO Transp., Inc.*, 58 AD3d 783 [2009]; *Jensen v Nicmanda Trucking, Inc.*, 47 AD3d 769 [2008]).

Since the defendants did not meet their respective prima facie

burdens, it is unnecessary to decide whether the papers submitted by the appellant in opposition were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Spolzino, J.P., Santucci, Angiolillo and Leventhal, JJ., concur.