NICHOLAS SPANOS, Plaintiff, v THOMAS R. HARRISON, Defendant. (Action No. 1.) MARKUS BERKE et al., Respondents, v THOMAS R. HARRISON, Appellant, et al., Defendants. (Action No. 2.) [889 NYS2d 227]—

In two related actions to recover damages for personal injuries, etc., the defendant Thomas R. Harrison appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered February 3, 2009, as denied that branch of his motion which was for summary judgment dismissing the complaint in action No. 2 insofar as asserted against him on the ground that the plaintiff Markus Berke did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Thomas R. Harrison failed to meet his prima facie burden of demonstrating on his motion for summary judgment that Markus Berke, a plaintiff in action No. 2 (hereinafter the injured plaintiff), did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, Harrison relied upon, among other things, the affirmed medical reports of Dr. Steven Ender and Dr. Charles J. Kandler. Initially, in the report of Dr. Ender, Harrison's examining neurologist, he set forth a range of motion finding concerning the injured plaintiff's lumbar spine but failed to compare that finding to what is normal (see *Giammanco v Valerio*, 47 AD3d 674 [2008]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *McNulty v Buglino*, 40 AD3d 591 [2007]; *Osgood v Martes*, 39 AD3d 516 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856 [2007]; *Bluth v WorldOmni Fin. Corp.*, 38 AD3d 817 [2007]; *Harman v Busch*,

37 AD3d 537 [2007]). While Dr. Ender noted that the injured plaintiff was able to bend over, pick up his sneakers and tie them, he failed to correlate that to his finding that the injured plaintiff was only able to forward flex to "approximately 70 degrees" upon examination (*see Gibson-Wallace v Dalessandro,* 58 AD3d 679 [2009]).

Moreover, in the report of Dr. Kandler, Harrison's examining urologist, the injured plaintiff was actually diagnosed with erectile dysfunction, one of the injuries he alleged in his bill of particulars to have sustained in the subject accident. While Dr. Kandler did not feel that the erectile dysfunction he diagnosed was causally related to the subject accident, he failed to set forth the foundation for that conclusion, especially since he opined that further testing was required to determine the cause (*see Franchini v Palmieri,* 1 NY3d 536 [2003]).

Since Harrison failed to meet his prima facie burden, it is unnecessary to consider whether the papers submitted by the injured plaintiff in opposition were sufficient to raise a triable issue of fact (*see Giammanco v Valerio,* 47 AD3d at 675; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.