■ Luz Marina Ortiz, Respondent, v S&A Taxi Corp. et al., Appellants. [891 NYS2d 112]—

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. Contrary to the defendants' contention on appeal, they failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied, inter alia, upon the affirmed medical report of their examining orthopedic surgeon, in which he noted the existence of a significant limitation in the range of motion, i.e., flexing, of the plaintiff's lumbar spine (*see Buono v Sarnes*, 66 AD3d 809 [2009]; *Held v Heideman*, 63 AD3d 1105 [2009]). While he opined that this limitation was "subjective," he failed to explain or substantiate his basis for that conclusion.

Under the circumstances, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (*see Buono v Sarnes*, 66 AD3d 809 [2009]; *Held v Heideman*, 63 AD3d 1105 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.