■ RAMON QUICENO, Respondent, v OSCAR G. MENDOZA et al., Appellants. [897 NYS2d 643]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ambrosio, J.), dated May 4, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on grounds different from those relied upon by the Supreme Court. The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied on, inter alia, the affirmed medical report of Dr. Michael P. Rafiy, their examining orthopedic surgeon. In his report, Dr. Rafiy noted significant limitations in the range of motion of the plaintiff's right shoulder (*see Giacomaro v Wilson*, 58 AD3d 802, 803 [2009]; *McGregor v Avellaneda*, 50 AD3d 749, 749-750 [2008]; *Wright v AAA Constr. Servs., Inc.*, 49 AD3d 531 [2008]). While he concluded that the range of motion was "self-limited," he failed to explain or substantiate, with any objective medical evidence, the basis for his conclusion that the limitations that were noted were self-limited (*see Chun Ok Kim v Orourke*, 70 AD3d 995 [2010]; *Mondert v Iglesia De Dios Pentecostal Cristo Viene, Inc.*, 69

AD3d 590, 590-591 [2010]; *Bengaly v Singh*, 68 AD3d 1030, 1031 [2009]; *Hi Ock Park-Lee v Voleriaperia*, 67 AD3d 734, 734-735 [2009]; *Chang Ai Chung v Levy*, 66 AD3d 946, 947 [2009]; *Delacruz v Ostrich Cab Corp.*, 66 AD3d 818, 819 [2009]; *Cuevas v Compote Cab Corp.*, 61 AD3d 812 [2009]; *Colon v Chuen Sum Chu*, 61 AD3d 805, 806 [2009]; *Torres v Garcia*, 59 AD3d 705, 706 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Chang Ai Chung v Levy*, 66 AD3d at 947; *Cuevas v Compote Cab Corp.*, 61 AD3d at 812-813). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.