■ DAVID SMITH et al., Appellants, et al., Plaintiff, v GEORGE W. HARTMAN, Respondent. [899 NYS2d 648]—

In an action to recover damages for personal injuries, etc., the plaintiffs David Smith, Ann Smith, Toros Demirdjian, and Nicole Demirdjian appeal from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered August 11, 2008, as granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by them on the ground that neither the plaintiff David Smith nor the plaintiff Toros Demirdjian sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs David Smith, Ann Smith, Toros Demirdjian, and Nicole Demirdjian on the ground that neither the plaintiff David Smith nor the plaintiff Toros Demirdjian sustained a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

Contrary to the Supreme Court's determination, the defendant failed to meet his prima facie burden of showing that neither the plaintiff David Smith (hereinafter Mr. Smith) nor the plaintiff Toros Demirdjian (hereinafter Mr. Demirdjian) sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied on the affirmed medical reports of Dr. Arthur Bernhang, his examining orthopedic surgeon. As to Mr. Smith, Dr. Bernhang noted a significant limitation in the cervical region of his spine during active range-of-motion testing when he examined Mr. Smith more than four years post-accident (*see Kjono v Fenning*, 69 AD3d 581 [2010]; *Ortiz v S&A Taxi Corp.*, 68 AD3d 734 [2009]; *Buono v Sarnes*, 66 AD3d 809 [2009]). As to Mr. Demirdjian, Dr. Bernhang noted significant limitations during active shoulder range-of-motion testing, which occurred some 4½ years post-accident (*see Quiceno v Mendoza*, 72 AD3d 669, 669 [2010]; *Giacomaro v Wilson*, 58 AD3d 802, 803 [2009]; *McGregor v Avellaneda*, 50 AD3d 749, 749-750 [2008]; *Wright v AAA Constr. Servs., Inc.*, 49 AD3d 531 [2008]).

Since the defendant failed to meet his prima facie burden, we need not address the question of whether the submissions of Mr. Smith or Mr. Demirdjian raised a triable issue of fact (*see Quiceno v Mendoza*, 72 AD3d 669, 670 [2010]; *Kjono v Fenning*, 69 AD3d at 581; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.