■ DAPHNEE MONDEVIL, Respondent, v SURINDER KUMAR et al., Appellants, et al., Defendants. [903 NYS2d 248]—

In an action to recover damages for personal injuries, the defendants Surinder Kumar and Paramjit Multani appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 3, 2010, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court did not err in concluding that the appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning

of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the appellants relied upon, inter alia, the affirmed medical report of their examining orthopedic surgeon. The surgeon noted in his report that he found significant limitations in the plaintiff's cervical and lumbar spine when he examined the plaintiff more than two years after the accident (*see Smith v Hartman*, 73 AD3d 736 [2010]; *Quiceno v Mendoza*, 72 AD3d 669 [2010]; *Giacomaro v Wilson*, 58 AD3d 802, 803 [2009]; *McGregor v Avellaneda*, 50 AD3d 749, 749-750 [2008]; *Wright v AAA Constr. Servs., Inc.*, 49 AD3d 531 [2008]).

Since the appellants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Smith v Hartman*, 73 AD3d at 736; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Covello, J.P., Angiolillo, Leventhal and Roman, JJ., concur.