In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated November 5, 2009, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
Contrary to the Supreme Court’s determination, the defendants failed to demonstrate, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied on, inter alia, the affirmed medical report of Dr. S. Farkas. In his report, Dr. Farkas, an orthopedist, noted during lumbar testing that the plaintiff had a “jog” of flexion and lateral bending, but he failed to compare those findings to what is normal (see Spanos v Harrison, 67 AD3d 893 [2009]; Gibson-Wallace v Dalessandro, 58 AD3d 679 [2009]). Furthermore, Dr. Farkas noted during his examination of the plaintiff that she had significant limitations in cervical spine, left knee, and left shoulder range of motion (see Mondevil v Kumar, 74 AD3d 1295 [2010]; Smith v Hartman, 73 AD3d 736 [2010]; Quiceno v Mendoza, 72 AD3d 669 [2010]; Giacomaro v Wilson, 58 AD3d 802 [2009]; Mc-Gregor v Avellaneda, 50 AD3d 749 [2008]; Wright v AAA Constr. Servs., Inc., 49 AD3d 531 [2008]). While Dr. Farkas stated that the plaintiff presented with “extreme exaggeration of symptoms” and that the decreased ranges of motion noted by him *990 were “not true pathologic findings” and were instead exaggerated subjective complaints, he failed to explain or substantiate those conclusions with any objective medical evidence (see Reitz v Seagate Trucking, Inc., 71 AD3d 975 [2010]; Bengaly v Singh, 68 AD3d 1030 [2009]; Ortiz v S&A Taxi Corp., 68 AD3d 734 [2009]).
The defendants also relied on the affirmed medical report of Dr. Sarasavani Jayaram, a neurologist, which also set forth significant limitations in the plaintiffs lumbar spine range of motion when the plaintiff was examined (see Mondevil v Kumar, 74 AD3d at 1295; Smith v Hartman, 73 AD3d at 736; Quiceno v Mendoza, 72 AD3d at 669; Giacomaro v Wilson, 58 AD3d at 802).
Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiffs papers in opposition to the defendants’ motion were sufficient to raise a triable issue of fact (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.