In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 25, 2010, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is affirmed, with costs.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant’s motion papers failed to adequately address the plaintiffs claim, clearly set forth in her bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Strilcic v Paroly, 75 AD3d 542 [2010]; Encarnacion v Smith, 70 AD3d 628 [2010]; Alvarez v Dematas, 65 AD3d 598 [2009]; Smith v Quicci, 62 AD3d 858 [2009]; Alexandre v Dweck, 44 AD3d 597 [2007]; Sayers v Hot, 23 AD3d 453, 454 [2005]). The plaintiff testified at her deposition that since September 30, 2004, the date of the subject accident, she never returned to work. The plaintiff was examined by Dr. Sarasavani Jayaram and Dr. Robert Israel, the defendant’s neurologist and orthopedist, respectively, in February 2009, some four years and five months after the accident. Both Dr. Israel and Dr. Jayaram failed to relate their findings to the 90/180-day category of serious injury for the period of time immediately following the accident.
Moreover, when Dr. Jayaram examined the plaintiff in February 2009, Dr. Jayaram noted significant limitations in the plaintiffs lumbar spine range of motion (see Mondevil v Kumar, 74 AD3d 1295 [2010]; Smith v Hartman, 73 AD3d 736 [2010]; Quiceno v Mendoza, 72 AD3d 669 [2010]; Giacomaro v Wilson, *997 58 AD3d 802 [2009]; McGregor v Avellaneda, 50 AD3d 749 [2008] ; Wright v AAA Constr. Servs., Inc., 49 AD3d 531 [2008]). In her bill of particulars, the plaintiff alleged that her lumbar spine was injured as a result of the accident. Contrary to the defendant’s contentions on appeal, the limitations noted in Dr. Jayaram’s report concerning the plaintiff’s lumbar spine were not insignificant within the meaning of the no-fault statute.
Since the defendant did not sustain his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Strilcic v Paroly, 75 AD3d at 542; Mondevil v Kumar, 74 AD3d at 1295; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.