■ MAGDALA CHARLES, Respondent, v ADAM HOWARD et al., Defendants, and SHUN CHOI LIU, Appellant. [912 NYS2d 407]—

In an action to recover damages for personal injuries, the de-

fendant Shun Choi Liu appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated March 2, 2010, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent payable by the appellant.

The Supreme Court properly concluded that the appellant did not meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion for summary judgment, the appellant relied on, inter alia, the affirmed medical report of Dr. Edward Weiland, a neurologist who examined the plaintiff on May 20, 2009. During that examination, Dr. Weiland noted significant limitations in the plaintiff's right shoulder range of motion (*see Ortiz v S&A Taxi Corp.*, 68 AD3d 734 [2009]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 61 AD3d 814 [2009]; *Guzman v Joseph*, 50 AD3d 741 [2008]).

Since the appellant failed to establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Ortiz v S&A Taxi Corp.*, 68 AD3d at 734; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 61 AD3d at 814; *Guzman v Joseph*, 50 AD3d at 741; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.