■ NUBIA TAVARAS, Respondent, v HERKIMER TAXI CORP. et al., Appellant. [911 NYS2d 672]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated April 22, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied on the affirmed medical report of Dr. Ashok Anant, their examining neurologist. During his examination of the plaintiff on February 27, 2009, Dr. Anant noted significant limitations in the range of motion of

the plaintiff's lumbar spine (*see Cheour v Pete & Sals Harborview Transp., Inc.*, 76 AD3d 989 [2010]; *Mondevil v Kumar*, 74 AD3d 1295 [2010]; *Smith v Hartman*, 73 AD3d 736 [2010]; *Quiceno v Mendoza*, 72 AD3d 669 [2010]; *Giacomaro v Wilson*, 58 AD3d 802 [2009]; *McGregor v Avellaneda*, 50 AD3d 749 [2008]; *Wright v AAA Constr. Servs., Inc.*, 49 AD3d 531 [2008]). While Dr. Anant stated that the plaintiff presented with "magnification of symptoms," and that the decreased ranges of motion noted by him in the lumbar region of the spine was "subjective," he failed to explain or substantiate those conclusions with any objective medical evidence (*see Reitz v Seagate Trucking, Inc.*, 71 AD3d 975 [2010]; *Bengaly v Singh*, 68 AD3d 1030 [2009]; *Ortiz v S&A Taxi Corp.*, 68 AD3d 734 [2009]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.