■ RANDI M. GOLDMAN et al., Respondents, v EVELYN TILITZ, Appellant. [914 NYS2d 905]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered July 12, 2010, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff Randi M. Goldman did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant failed to meet her prima facie burden of showing that the plaintiff Randi M. Goldman (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of her motion, the defendant relied upon, inter alia, two affirmed medical reports of Dr. Isaac Cohen. In the first report, which was based upon testing done at that time, Dr. Cohen noted significant limitations in the injured plaintiff's cervical spine range of motion (*see Ortiz v S&A Taxi Corp.*, 68 AD3d 734, 735 [2009]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 61 AD3d 814, 815 [2009]; *Guzman v Joseph*, 50 AD3d 741, 742 [2008]). Some of those limitations remained when Dr. Cohen reexamined the injured plaintiff a second time, as reflected in the second report. Consequently, the defendant failed to satisfy her burden of establishing her prima facie entitlement to summary judgment, and it is therefore unnecessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Ortiz v S&A Taxi Corp.*, 68 AD3d at 734; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 61 AD3d at 815; *Guzman v Joseph*, 50 AD3d at 742; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.