■ MANUEL TORRES, Respondent, v ANNA MARIE TORRANO, Appellant. [912 NYS2d 912]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Orange County (Bartlett, J.), entered July 21, 2010, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of her motion, the defendant relied upon, inter alia, the affirmed medical report of a neurologist who examined the plaintiff nearly three years after the accident, and noted significant range-of-motion limitations in the cervical region of the plaintiff's spine. In view of the neurologist's findings, the defendant failed to establish her prima facie entitlement to judgment as a matter of law (see Mondevil v Kumar, 74 AD3d 1295, 1296 [2010]; Smith v Hartman, 73 AD3d 736 [2010]; Quiceno v Mendoza, 72 AD3d 669 [2010]; Giacomaro v Wilson, 58 AD3d 802, 803 [2009]; McGregor v Avellaneda, 50 AD3d 749, 750 [2008]; Wright v AAA Constr. Servs., Inc., 49 AD3d 531, 532 [2008]).

Since the defendant failed to meet her prima facie burden, it is unnecessary to consider whether the plaintiff's papers in opposition to the defendant's motion were sufficient to raise a triable issue of fact (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.