■ Mahmood Aslam, Respondent, v Tofazzal Hossain, Appellant. [920 NYS2d 674]—

In an action to recover damages for personal injuries, the de-

fendant appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated February 8, 2010, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The reports of the defendant's physicians submitted in support of the motion for summary judgment failed to address the plaintiff's claim, as set forth in his bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for not less than 90 of the 180 days immediately following the accident (*see Reynolds v Wai Sang Leung*, 78 AD3d 919 [2010]; *Udochi v H & S Car Rental Inc.*, 76 AD3d 1011 [2010]; *Strilcic v Paroly*, 75 AD3d 542 [2010]).

Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Sainnoval v Sallick*, 78 AD3d 922 [2010]; *Mondert v Iglesia De Dios Pentecostal Cristo Viene, Inc.*, 69 AD3d 590, 590 [2010]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.