■ ALICIA ASTUDILLO et al., Appellants, v MV TRANSPORTATION, INC., et al., Respondents. [923 NYS2d 722]—

In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lane, J.), entered February 23, 2010, as granted those branches of the separate motions of the defendants Gowkarran Lallaachan and Asiq Rashid, and the defendants MV Transportation, Inc., New York City Transit Authority, and Walkins Ferdinand which were for summary judgment dismissing the plaintiffs' claims of serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) insofar as asserted against each of them on the ground that the plaintiffs did not sustain such injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Gowkarran Lallaachan and Asiq Rashid, and the defendants MV Transportation, Inc., New York City Transit Authority, and Walkins Ferdinand which were for summary judgment dismissing the plaintiffs' claims of serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) insofar as asserted against each of them on the ground that the plaintiffs did not sustain such injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject accident are denied.

The plaintiffs commenced this action to recover damages for personal injuries that were allegedly sustained as a result of a motor vehicle accident occurring on September 4, 2006. The defendants Gowkarran Lallachan and Asiq Rashid, and the defendants MV Transportation, Inc., New York City Transit Authority, and Walkins Ferdinand separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the plaintiffs' claims of serious injury under the permanent consequential limitation of use

and significant limitation of use categories of Insurance Law § 5102 (d) insofar as asserted against each of them.

With regard to the plaintiff Alicia Astudillo, the Supreme Court erred in dismissing her claims of serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d). In support of the motions, the defendants relied on submissions including the affirmed medical report of Dr. Barry M. Katzman. Dr. Katzman examined Astudillo on September 19, 2008, more than two years postaccident, and found during that examination a significant limitation in cervical spine rotation (*see Rhodes v Stoddard*, 79 AD3d 997 [2010]; *Kharzis v PV Holding Corp.*, 78 AD3d 1122 [2010]). Also submitted on the motions was the affirmed medical report of Dr. Ravi Tikoo, a neurologist who examined Astudillo on September 17, 2008, more than two years postaccident. During that examination, Dr. Tikoo noted that straight leg raising was possible to 90 degrees bilaterally in the sitting position, but only to 45 degrees in the standing position. While Dr. Tikoo opined that this was a voluntary limitation without a physiological basis, he failed to explain or substantiate, with objective medical evidence, the basis for his conclusion that the limitation was voluntary (*see Quiceno v Mendoza*, 72 AD3d 669 [2010]; *Mondert v Iglesia De Dios Pentecostal Cristo Viene, Inc.*, 69 AD3d 590 [2010]; *cf. Perl v Meher*, 74 AD3d 930, 930 [2010]).

Thus, the defendants failed to objectively demonstrate that Astudillo did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Aronov v Leybovich*, 3 AD3d 511 [2004]).

With regard to the plaintiff Nancy Linares, the defendants met their respective prima facie burdens of showing that she did not sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Vilomar v Castillo*, 73 AD3d 758 [2010]).

However, the Supreme Court erred in finding that Linares failed to raise a triable issue of fact in opposition as to whether she sustained a serious injury under the permanent consequential limitation of use or significant limitation of use categories (*see Noel v Choudhury*, 65 AD3d 1316 [2009]; *Gaviria v Alvardo*, 65 AD3d 567, 567-568 [2009]; *Gonzalez v MTA Bus Co.*, 63 AD3d 999 [2009]).

Linares raised a triable issue of fact based on the submissions of Dr. Gregg M. Szerlip, Dr. Harold James, Dr. Richard L. Parker, and Dr. Richard J. Rizzuti. Dr. Szerlip, Linares' treating osteopath, established via his affirmation that Linares had significant limitations in the cervical region of her spine on testing done contemporaneous with the subject accident. He deemed the injuries to the cervical region of Linares' spine to have been caused by the subject accident. Shortly after the accident, Linares underwent magnetic resonance imaging (hereinafter MRI) scans of, inter alia, the cervical region of her spine, which were read by Dr. Rizzuti, her examining radiologist. The cervical MRI showed posterior disc herniations at the C3 through C7 levels which abutted the anterior aspect of the spinal cord. Dr. Parker, one of Linares' treating physicians, examined Linares in July 2007, and found, among other things, significant limitations in the cervical region of her spine. He reexamined Linares on various dates, and most recently on May 28, 2009, at which time she still had significant limitations in the cervical region of her spine. Dr. Parker concluded, based on his examinations and review of Linares' MRIs, that the injuries sustained by Linares, including those to the cervical region of her spine, were significant and permanent in nature and caused by the subject accident. Dr. James, another of Linares' examining physicians, also examined Linares at various points in time, most recently on June 1, 2009. During that examination, significant limitations in Linares' cervical region of her spine were set forth. He concluded, based on his examinations and review of her cervical spine MRI, that the injuries allegedly sustained by Linares, including those to the cervical region of her spine, were permanent and that her limitations were significant. He concluded, inter alia, that Linares sustained a significant limitation of use of the cervical region of her spine as a result of the subject accident.

While it is true that the defendants' radiologist, Dr. Audrey Eisenstadt, opined that the MRI scans taken of Linares' cervical spine revealed disc protrusions at C3 through C7, Dr. Eisenstadt was unable to establish the etiology of that pathology. Therefore, contrary to the Supreme Court's determination, Linares was not required to address the issue of degeneration as it related to her cervical spine. Dr. Szerlip, Dr. James, and Dr. Parker all concluded that the disc herniations at C3 through C7 were caused by the subject accident. Linares alleged in her bill of particulars that she sustained herniated discs at C3 through C7 as a result of the subject accident. These herniations clearly could have caused the limitations in cervical spine range of motion observed by Linares' treating experts.

Based on Linares' submissions, she raised a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine under the permanent consequential limitation of use or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident.

Accordingly, the Supreme Court erred in granting those branches of the separate motions of the defendants Gowkarran Lallaachan and Asiq Rashid, and the defendants MV Transportation, Inc., New York City Transit Authority, and Walkins Ferdinand which were for summary judgment dismissing the plaintiffs' claims for serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) insofar as asserted against each of them. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.