■ MICHAEL TAYLOR et al., Appellants, v DOROTHY TAYLOR et al., Respondents. [930 NYS2d 32]—

The defendants failed to meet their respective prima facie burdens of showing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

The defendants all relied on the affirmed medical report of Dr. Kuldip K. Sachdev, a neurologist who examined the plaintiff Donna Speed on October 8, 2009. During that examination, Dr.

Sachdev noted significant limitations in the range of motion of the cervical and lumbar regions of Speed's spine, and significant limitations in the range of motion of her left shoulder. Such findings prevented the defendants from meeting their prima facie burdens of showing that Speed did not sustain a serious injury to those regions of her body within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Astudillo v MV Transp., Inc.*, 84 AD3d 1289 [2011]; *Rhodes v Stoddard*, 79 AD3d 997 [2010]; *Kharzis v PV Holding Corp.*, 78 AD3d 1122 [2010]; *see also Artis v Lucas*, 84 AD3d 845 [2011]; *Rocourt v Alvelo*, 79 AD3d 1120 [2010]; *Mondevil v Kumar*, 74 AD3d 1295 [2010]; *Smith v Hartman*, 73 AD3d 736 [2010]; *Quiceno v Mendoza*, 72 AD3d 669 [2010]; *Giacomaro v Wilson*, 58 AD3d 802 [2009]). Moreover, the defendants' respective motion papers failed to address Speed's claim, as set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary activities for not less than 90 of the 180 days immediately following the subject accident (*see Aslam v Hossain*, 83 AD3d 749 [2011]; *Reynolds v Wai Sang Leung*, 78 AD3d 919 [2010]; *Udochi v H & S Car Rental Inc.*, 76 AD3d 1011 [2010]; *Strilcic v Paroly*, 75 AD3d 542 [2010]). Speed testified at her deposition that she essentially stopped working after the subject accident on advice of her doctor. The defendants' respective experts did not examine her until at least one year or more after the accident, and did not relate any of their findings to that category of serious injury for the period of time immediately following the subject accident.

As to the plaintiff Michael Taylor, the defendants' respective motion papers also failed to address his claim, as set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for not less than 90 of the 180 days immediately following the subject accident. Taylor alleged in his bill of particulars that he was confined to his home and/or bed from the date of the subject accident. None of those defense experts related any of their findings to the 90/180-day category of serious injury for the period of time immediately following the subject accident.

Since the defendants failed to meet their respective prima facie burdens, it is unnecessary to consider whether the papers submitted by the plaintiffs in opposition were sufficient to raise

a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

Accordingly, the Supreme Court should have denied the motions for summary judgment dismissing the complaint insofar as asserted against each of the defendants. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.